Executors of JOHN A. CLEMENT, deceased,

*v.*

JARVIS A. BARTLETT et al.

A statute requiring mortgages to be registered, or to lose their priority as against subsequent judgment-creditors, or *bona fide* purchasers or mortgagees of the same premises, without notice, applies to a mortgage given to the state. A suit for the foreclosure of a mortgage given after, but registered before, one given to the state on the same lands, is a suit " arising out of any previous lien or encumbrance" (*Rev. p. 1223*), to which the state may be made a party, and have its rights in the premises determined.

---

Bill to foreclose. On final hearing on bill and answer.

Clement's Executors v. Bartlett.

*Mr. P. S. Scovel,* for complainants.

*Mr. J. P. Stockton,* attorney-general, for trustees for support of public schools.

THE CHANCELLOR.

The single question presented for consideration by the briefs of counsel is, whether the state is bound by the statute providing for the registration or recording of mortgages of real estate.

On the 8th of October, 1857, Jarvis H. Bartlett gave a mortgage to the " Trustees for the Support of Free Schools," on lands in the county of Burlington, to secure the payment of $3,000 in one year, with interest. It was not recorded, however, until October 4th, 1866, nearly nine years afterwards. On the 17th of February, 1858, Bartlett gave another mortgage, on the same land, to John A. Clement, to secure the payment of $2,000 in one year, with interest. That mortgage was duly recorded April 9th, 1858. Between the last-mentioned date and the time of recording the mortgage to the trustees, Bartlett conveyed parts of the mortgaged premises to several persons, by deeds which were duly recorded before the recording of the trustees' mortgage. The answer of the trustees admits that Clement, when he took his mortgage, had no notice of the existence of their mortgage. It alleges that the delay in recording the latter mortgage occurred through " inadvertence or otherwise," and it raises, by way of demurrer, the question above stated.

The counsel for the state urges that inasmuch as a state cannot be sued in its own courts without its consent, in the absence of constitutional or statutory provision (*Am. Dock &c. Co.* v. *Trustees &c. 5 Stew. Eq. 428*), and inasmuch as, as he insists, if the mortgage act is not binding on the state, this suit does not arise out of a " previous lien or encumbrance " to that of the state on the mortgaged premises, this suit cannot be maintained. In the court of chancery of the state of New York it was the ordinary

NOTE.—For cases showing what statutes apply to a state, see *Trustees* v. *Trenton, 3 Stew. Eq. 667, note.*—REP.

practice to make the attorney-general a party to a foreclosure suit where the people of the state had a subsequent lien upon the mortgaged premises by judgment or otherwise, so as to give to the purchaser under the decree of foreclosure a perfect title to the premises discharged of the lien of the state.   *Garr* v. *Bright, 1 Barb. Ch. 157.*   And in this court the like practice has obtained in such suits in regard to other states holding encumbrances on mortgaged premises.   They were made parties in order that they might protect their rights.   In *Willink* v. *Morris Canal Co., 3 Gr. Ch. 377*, the state of Indiana was made a party under such circumstances.   The jurisdiction where liens are held by the state is established by statute.   The act entitled "An act to provide for the adjustment of claims in favor of the state," (*Rev. pp. 1223, 1224*), provides that in all cases where the state has any lien or encumbrance upon lands, and a suit is brought arising out of any previous lien or encumbrance thereon, such lien or encumbrance of the state may be brought in question and definitely settled by any court having jurisdiction over the subject matter of the suit.   It further provides that in all cases where the lien, encumbrance or priority of encumbrances of the state shall be brought in question on due return of notice directed to the state, and served on the attorney-general, or on due appearance for the state, the suit may proceed as other cases, and a decree or judgment therein shall bind the state the same as if it had been made against an individual; and that the lien of the state, on sale under such decree or judgment, shall be cut off, and the claim of the state shall be made out of the surplus, if any, in the order of priority in which the encumbrance of the state stands.

The act concerning mortgages (*Rev. p. 706*) provides that every deed of mortgage or conveyance in the nature of a mortgage, of or for any lands, tenements or hereditaments, which shall have been made and executed after the 1st day of January, in the year of our Lord 1821, or shall, after the passage of the act, be made and executed, shall be void and of no effect against a subsequent judgment-creditor or *bona fide* purchaser, or mortgagee for a valuable consideration, not having notice thereof, unless such mortgage shall be acknowledged or proved according to law,

and recorded or lodged for that purpose with the clerk of the court of common pleas of the county in which such lands, tenements or hereditaments are situate, at or before the time of entering such judgment, or of recording or lodging with the clerk, as aforesaid, the said mortgage or conveyance to such subsequent purchaser or mortgagee.

Unless the claim of the state can be maintained on the ground of governmental prerogative, it is obviously insupportable. It cannot be maintained on that ground. *Board of Chosen Freeholders* v. *State Bank, 2 Stew. Eq. 268; Trustees for Support of Public Schools* v. *Trenton, 3 Stew. Eq. 683.* By the common law, the king himself was bound by an act of parliament intended to give a remedy against a wrong or prevent fraud, even though he was not named in the act. The act under consideration makes no reservation or exception in favor of the state. Its terms are general and sweeping. It existed, and indeed had been long in force, when the respective mortgages of the trustees and the complainants were taken. The former was taken subject to its provisions, and the latter under its protection. The state itself, by the statute, in effect, declared to Clement when he took his mortgage, that if any unregistered or unrecorded mortgage, of which he had no actual notice, existed on the property, it would be void and of no effect against that which he proposed to take thereon.

I am unable to perceive any ground on which the claim now made in behalf of the state can be sustained.